**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| | **ORDER** |
| This Order Applies to: | |
| CV 10-414-PHX-JAT | |
| CV 10-416-PHX-JAT | |
| CV 10-417-PHX-JAT | |
| CV 10-425-PHX-JAT | |
| CV 10-426-PHX-JAT | |
| CV 10-427-PHX-JAT | |
| CV 10-428-PHX-JAT | |
| CV 10-429-PHX-JAT | |
| CV 10-455-PHX-JAT | |
| CV 10-456-PHX-JAT | |
| CV 10-459-PHX-JAT | |
| CV 10-705-PHX-JAT | |
| CV 10-706-PHX-JAT | |
| CV 10-707-PHX-JAT | |
| CV 10-1083-PHX-JAT | |
| CV 10-1084-PHX-JAT | |
| CV 10-1085-PHX-JAT | |
| CV 10-1208-PHX-JAT | |
| CV 10-1418-PHX-JAT | |
| CV 10-1419-PHX-JAT | |

Before the Court are Plaintiffs' Motions for Leave to Amend in seventeen member cases, *Eastwood*, CV 10-426-PHX-JAT, *Vo*, CV 10-425-PHX-JAT, *Tyler,* CV 10-706-PHX-JAT, *Ellifritz*, 10-427-PHX-JAT, *McConathy*, CV 10-428-PHX-JAT, *Gutierrez*, CV 10-707-PHX-JAT, *Camacho-Villa*, CV 10-1208-PHX-JAT, *Freeto*, CV 10-459-PHX-JAT, *Funk*, CV 10-1085-PHX-JAT, *Sage*, CV 10-456-PHX-JAT, *Duncan*, CV 10-414-PHX-JAT, *Smith*, CV

1  10-429-PHX-JAT, *Gothan, et al. v. World Savings Bank, FSB, et al.*, CV 10-1418-PHX-JAT,
2  *Mikulaco*, CV 10-705-PHX-JAT, *Sieben*, CV 10-1084-PHX-JAT, *Yeghiyaian*, CV 10-1419-
3  PHX-JAT, and *Gothan, et al. v. Ownit Mortgage Solutions, Inc., et al.*, CV 10-1083-PHX-
4  JAT, with the stated purpose of seeking remand back to state court (Doc. 636, 637, 638, 646,
5  647, 665, 677, 678, 819, 843, 908, 909, 917, 962, 977, 978, 1014).  For the reasons that
6  follow this Court will deny all seventeen motions.  Additionally, this Order will deny four
7  Motions for Summary Disposition (Doc. 930, 987, 988, 1012), a Motion to Remand to State
8  Court (Doc. 856), and a Motion to Strike a Reply to Response to Motion (Doc. 1034).

*A. Background*

10  The above-captioned cases were all initiated in Nevada state court.  Defendants
11  removed the cases to federal court from whence they were transferred to this Court as part
12  of the MERS MDL.

13  On April 4, 2010, Plaintiffs in *Duncan, Sieben, Huck, Eastwood, Ellifritz, McConathy,*
14  *Smith* and *Sage* joined other plaintiffs – all represented by the same counsel – in filing a
15  Renewed Motion to Remand to the Judicial Court in and for the State of Nevada County of
16  Origin (Doc. 253).  The motion sought remand for lack of subject matter jurisdiction despite
17  the fact that the complaints all contained reference to federal law violations such as the Truth
18  in Lending Act.  To accomplish this feat, the motion purported to "withdraw" these federal
19  claims and then, alleging that there is an insufficient amount in controversy to sustain
20  diversity jurisdiction, moved for remand.  The Court denied the motion, without prejudice,
21  as an improperly framed effort to amend the pleadings (Doc. 368).

22  Plaintiffs in seven member cases – all represented by the same counsel representing
23  the plaintiffs before the court today – sought permission to file amended complaints.  In each
24  of these cases, the Court's August 16, 2010 Order granted leave to file amended complaints,
25  which Plaintiffs subsequently filed on August 19, 2010.[1]  That Order did not rule on various

---

[1] The Court actually granted plaintiffs' motion to amend in an eighth case, *Barlow*, CV 10-455-PHX-JAT, but plaintiffs never filed an amended complaint.  The Court will now

1 motions to remand to state court, but allowed for supplemental briefing on whether federal
2 question jurisdiction or diversity jurisdiction exists under the amended complaints.

3       As set forth in this Courts' December 28, 2010 Order, remand to state court was
4 denied in all seven cases because their amended complaints contained at least one claim over
5 which this Court has original jurisdiction. All seventeen proposed amended complaints
6 before the Court today contain a cause of action under the Federal Fair Debt Collection
7 Practices Act which is identical to that contained in the earlier seven cases. Thus, Plaintiffs'
8 ultimate goal of amendment for the sake of obtaining remand to state court will fail.

*B. Legal Standard*

10 Motions to amend pleadings to add claims or parties are governed by Federal Rule of
11 Civil Procedure 15(a), which provides:

12     A party may amend the party's pleading once as a matter of course within:

13         (A) 21 days after serving it, or

14         (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

18 Fed. R. Civ. P. 15(a)(1-2). While the decision to grant or deny a motion to amend is within
19 the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely
20 given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S.
21 178, 182 (1962); *see, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330
22 (1971); *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("A
23 district court's discretion to deny leave to amend . . . is not absolute.") (citing *Foman*); "In
24 exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule
25 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . .
26 Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme

28 bifurcate this case in accord with the briefing of the parties (Doc. 364, 428, 433).

liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations omitted); "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The Supreme Court of the United States has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182; *see SmithKline Beecham*, 245 F.3d at 1052; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (internal citation omitted). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

*C. Analysis*

In Plaintiffs' Motions for Leave to Amend, it is clearly stated that Plaintiffs are attempting to dismiss all of their federal claims in order for the Court to remand these actions to state court pursuant to 28 U.S.C. § 1367 (c)(3). As stated above, this ultimate aim will fail because the proposed amended complaints contain causes of action over which this Court has original jurisdiction. As these proposed amended complaints do not contain any additional factual detail – they just reconfigure the causes of action alleged – granting these amendments now would further delay this Court's management of the MDL without increasing Plaintiffs' likelihood of surviving a Motion to Dismiss under the *Twombly* and *Iqbal* standard. Thus, the Court in its sound discretion will deny the Motions for Leave to Amend.

1    The Plaintiff in Freeto has already filed a Motion to Remand to State Court (Doc.
2 856). For the reasons already discussed and more fully set forth in the Court's December 28,
3 2010 Order, this motion will be denied.
4    Accordingly,
5    **IT IS ORDERED** that Plaintiffs' Motions for Leave to Amend in *Eastwood*, CV 10-
6 426-PHX-JAT, *Vo*, CV 10-425-PHX-JAT, *Tyler,* CV 10-706-PHX-JAT, *Ellifritz*, 10-427-
7 PHX-JAT, *McConathy*, CV 10-428-PHX-JAT, *Gutierrez*, CV 10-707-PHX-JAT, *Camacho-
8 Villa*, CV 10-1208-PHX-JAT, *Freeto*, CV 10-459-PHX-JAT, *Funk*, CV 10-1085-PHX-JAT,
9 *Sage*, CV 10-456-PHX-JAT, *Duncan*, CV 10-414-PHX-JAT, *Smith*, CV 10-429-PHX-JAT,
10 *Gothan, et al. v. World Savings Bank, FSB, et al.*, CV 10-1418-PHX-JAT, *Mikulaco*, CV 10-
11 705-PHX-JAT, *Sieben*, CV 10-1084-PHX-JAT, *Yeghiyaian*, CV 10-1419-PHX-JAT, and
12 *Gothan, et al. v. Ownit Mortgage Solutions, Inc., et al.*, CV 10-1083-PHX-JAT, (Doc. 636,
13 637, 638, 646, 647, 665, 677, 678, 819, 843, 908, 909, 917, 962, 977, 978, 1014) are
14 DENIED.
15    **IT IS FURTHER ORDERED** that Plaintiff Ronald E. Freeto's Motion to Remand
16 to State Court (Doc. 856) is DENIED, and, thus, Defendants' Motion to Strike Plaintiff's
17 Reply to Response to Motion as Untimely and Oversized (Doc. 1034) is DENIED AS
18 MOOT.
19    **IT IS FURTHER ORDERED** that as to *Barlow*, CV 10-455-PHX-JAT*,* claims 2,
20 5-9, 13 and 14 and part of claims 3, 4, 10, 11, and 12 remain with the undersigned as part of
21 the MDL and claim 1 and part of claims 3, 4, 10, 11, and 12 have been remanded to their
22 respective transferor courts.  MERS shall file a copy of this Order with each transferor court
23 within the next two business days.  With respect to any claims that have been remanded to
24 the transferor court, Defendants shall answer or otherwise respond to those claims within
25 fifteen days of this Order, unless any order of the transferor court is inconsistent with this
26 Order, in which case, the order of the transferor court shall control.
27    **IT IS FURTHER ORDERED** that as to *Duncan*, *Sieben*, CV 10-416-PHX-JAT,
28 *Huck*, CV 10-417-PHX-JAT, *Vo*, *Eastwood*, *Ellifritz*, *McConathy*, *Smith*, *Sage*, and *Freeto*

- 5 -

that within twenty days following this Order, Defendants shall answer or otherwise respond (including filing motions to dismiss) to the complaints if they have not done so already. Plaintiffs shall have until February 28, 2011 to file responses to the Motions to Dismiss already pending in these cases.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion For Summary Disposition (Doc. 930) in *Duncan* is DENIED.

**IT IS FURTHER ORDERED** that Defendant The Cooper Castle Law Firm, LLP's Motion For Summary Disposition (Doc. 987) in *Sage* is DENIED.

**IT IS FURTHER ORDERED** that Defendant Lime Financial Services, Ltd.'s Motion For Summary Disposition (Doc. 988) in *Freeto* is DENIED.

**IT IS FURTHER ORDERED** that Defendant Ticor Title of Nevada, Inc.'s Motion For Summary Disposition (Doc. 1013) in *Tyler* is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court will file a copy of this Order in each above-captioned member case.

**IT IS FURTHER ORDERED** that future motions in the above-captioned actions should be filed under the individual case number rather than in the general MDL case number.

DATED this 28th day of January 2011.

James A. Teilborg
United States District Judge